# Third District Court of Appeal
## State of Florida

Opinion filed July 29, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D25-1443
Lower Tribunal No. 23-711-CC-05

————————

**Liran Zorella, et al.,**
Appellants,

vs.

**Pathman Schermer Tandy, LLP,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Lowy and Cook, P.A., and Jonathan Smulevich, and Leah Rose, for appellants.

Pathman Law, LLC, and Beatriz M. Carta, and Tara Faenza, for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

Appellants, Liran Zorella and Zorella Investments, LLC, challenge a final judgment rendered in favor of appellee, Pathman Schermer Tandy, LLP, following a nonjury trial. The judgment awarded compensatory damages for breach of contract based upon the failure to pay fees negotiated under a written retainer agreement. On appeal, appellants contend that the trial court committed reversible error by failing to first consider the factors identified in the seminal case of Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985), and its progeny before arriving at a damages award. But under the circumstances of this case, this argument must be soundly rejected. Casting aside the lack of transcript and fact that appellants did not apprise the trial court of the purported deficiencies by timely seeking rehearing of the judgment under Florida Rule of Civil Procedure 1.530(a), the Florida Supreme Court has cautioned that the lodestar method is "ill-suited for the task of assessing attorney's fees due as damages for breach of an agreement for the payment of fees[,]" and Rowe "was never intended to control in cases where the disputed fee will be paid by the client . . . ." See Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So. 2d 366, 368–69 (Fla. 1995); see also Aquastar Holdings LLC v. Avant Design Grp., Inc., 421 So. 3d 767, 769 n.2 (Fla. 3d DCA 2025) (rejecting claim of error grounded on failure to render required findings in a fee award where

2

appellant failed to raise the issue in a timely motion for rehearing); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). Rowe instead applies in "situations where the payor has no part in the fee arrangement." In re Estate of Platt, 586 So. 2d 328, 334 (Fla. 1991). Accordingly, we impute no error to the judgment under review, and we affirm in all respects.

Affirmed.